# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 22-1275**

**September Term, 2023**

FILED ON: NOVEMBER 3, 2023

T-MOBILE USA, INC.,
  PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
  RESPONDENT

COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,
  INTERVENOR

Consolidated with 22-1309

On Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

Before: MILLETT and PILLARD, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*

## J U D G M E N T

This appeal was considered on the record from the National Labor Relations Board and on the briefs of the parties. *See* D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be **DENIED** and the National Labor Relations Board's cross-application for enforcement be **GRANTED**.

In 2015, T-Mobile USA, Inc. (T-Mobile) reprimanded call center employee Chelsea Befort for sending emails inviting employees to join union-organizing efforts. In *Communications Workers of America v. NLRB* (*CWA*), 6 F.4th 15 (D.C. Cir. 2021), we held that the National Labor Relations Board (the Board) lacked substantial evidence to support its ruling that T-Mobile's response to the email comported with the National Labor Relations Act (the Act). *Id.* at 18.

T-Mobile had argued that it reprimanded Befort not because the email was union-related but because it violated various company email policies. *Id.* at 25. The company claimed that one of those policies, the so-called Enterprise User Standard, "effectively impose[d] a restriction on mass emails." *Id.* We determined, however, that "T-Mobile's reliance on the Enterprise User Standard fail[ed] for at least two reasons." *Id.* at 26. First, we observed that "the Board did not itself hold that the Enterprise User Standard covered Befort's email." *Id.* Second, we explained that, "even assuming the Board did implicitly accept T-Mobile's claim that the Enterprise User Standard applied to Befort's email, substantial evidence does not support that finding." *Id.* We then concluded: "Under that set of facts, we decline to fill in the Board's silence on how Befort's email implicated the Enterprise User Standard." *Id.* We therefore granted the union's petitions for review but remanded to the Board for further consideration of two separate issues its prior disposition had left undecided. *Id.* at 28, 30-31.

On remand, the Board "accept[ed] as the law of the case" that T-Mobile disparately enforced its email policies against Befort based on her union activity. *T-Mobile USA, Inc.*, 369 N.L.R.B. No. 163, slip. op. at *6, 2022 WL 5148159 (Sept. 30, 2022). It then resolved the two remanded issues in favor of Befort. *Id.*

T-Mobile now petitions for review of the Board's decision on remand. The company does not take issue with either of the Board's holdings relating to the two remanded issues. Instead, T-Mobile argues that "[t]he Board erred when it declared as 'the law of the case' that Befort's email did not violate the Enterprise User Standard and that T-Mobile applied the Standard in a discriminatory fashion." Pet'r's Br. 12. The company seizes on our language from *CWA* that we would not "fill in the Board's silence" as to whether Befort's email was covered by the Enterprise User Standard. *Id.* at 1 (quoting *CWA*, 6 F.4th at 26). In the company's view, we left that question "open" for the Board to resolve. *Id.*

T-Mobile is wrong. We did not leave that question open. We squarely held that "T-Mobile's reliance on the Enterprise User Standard fails." *CWA*, 6 F.4th at 26. T-Mobile had no difficulty understanding that holding in its unsuccessful petition for rehearing *en banc*, in which it recognized that *CWA* "rejected the applicability of the workplace policies that T-Mobile had invoked." Pet. for Reh'g En Banc at 4, *CWA v. NLRB*, Nos. 20-1112 & 20-1186, ECF. No. 1913082 (D.C. Cir. Sept. 7, 2021). The sentence on which T-Mobile hangs its current appeal—that we would not "fill in the Board's silence"—was not an invitation to the Board to expound on whether Befort's email was covered by the Standard. Rather, the sentence observed that the record was devoid of evidence that the Standard applied to Befort's conduct, meaning that T-Mobile had failed to bear its burden to show that Befort's email implicated the Enterprise User Standard.

Our remand was limited to two issues identified in our prior opinion. Because T-Mobile raises no challenge whatsoever to the Board's rulings on those issues and the Board properly adopted our holding in *CWA* as the law of the case, we deny the petition and grant the Board's cross-application for enforcement.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk